Jacob A. Gillick, Esq., (SBN 312336)
Gillick Legal, APC
3990 Old Town Ave., Ste A200
San Diego, CA 92110
jgillick@gillicklegal.com
Telephone: (858) 250-0656

John A. Salcedo, Esq. *(Pro Hac Vice Forthcoming)*
Florida Bar No.: 14665
THE MINEO SALCEDO LAW FIRM, P.A.
5600 Davie Road
Davie, FL 33314
Telephone: (954) 463-8100
Facsimile: (954)463-8100
Service@mineolaw.com

Attorneys for Plaintiffs GENE MATTERA, and ACCESS 4 ALL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE MATTERA, an individual and ACCESS 4 ALL, INC., a Florida not for Profit Corporation<br><br>Plaintiffs,<br><br>v.<br><br>DELAWARE DOUBLETREE MANAGEMENT LLC, a Virginia Foreign Limited Liability Company,<br><br>Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiffs, and GENE MATTERA and ACCESS 4 ALL, INC, on behalf of themselves and all other persons similarly situated (collectively hereinafter "Plaintiffs"), hereby sue, DELAWARE DOUBLETREE MANAGEMENT LLC, a Virginia Limited Liability Company, (collectively hereafter "Defendant") and as grounds allege:

1
COMPLAINT

## JURISDICTION AND VENUE

1. The Court has original jurisdiction over Plaintiffs' claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq.*

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 36.202, 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq.*

4. Plaintiff, GENE MATTERA, is an individual over eighteen years of age, who resides in Florida and is otherwise *sui juris*. Plaintiff, GENE MATTERA, is a member of the Not-for-profit Corporation, ACCESS 4 ALL, INC.

5. Plaintiff, GENE MATTERA, is an individual over eighteen years of age, and is otherwise *sui juris*. Plaintiff, GENE MATTERA, is "disabled" and has at all times herein suffered from a "qualified disability" as defined by the ADA.

6. Plaintiff, ACCESS 4 ALL, INC, is a Florida Not-for-profit Corporation, formed under the laws of Florida, and maintains its principal office in Miami-Dade County, Florida. Members of its organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL, INC and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to

comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. ACCESS 4 ALL, INC has also been discriminated against because of its association with its disabled members and their claims.

7. At all times material, Defendant, DELAWARE DOUBLETREE MANAGEMENT LLC, a Virginia Limited Liability Company, was and is a Virginia Limited Liability Company located in Virginia and doing business in the State of California, owning and operating a hotel in the State of California, and deriving substantial revenue from the State.

8. At all times material, Defendant, DELAWARE DOUBLETREE MANAGEMENT LLC, a Virginia Limited Liability Company, owned, leased, and/or operated the Commercial Property located at 200 Marina Blvd, Berkley, CA 94710 (hereinafter "Commercial Property") operated as "Doubletree Berkley Marina".

9. Venue is properly located in the Northern District of California pursuant to 28 U.S.C.A. § 1391(b) in that all events giving rise to this lawsuit occurred in Berkley, California.

10. Defendant's Commercial Property at issue in this matter and the business therein are located in and around the Alameda County area. The Defendant regularly conduct business within Alameda County area, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Alameda County area.

## FACTUAL ALLEGATIONS

11. Plaintiff, GENE MATTERA, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, GENE MATTERA, is on 24-hour supplemental oxygen and requires a scooter to ambulate further than a few feet due to late-stage emphysema. Plaintiff, GENE MATTERA, requires a shower seat and grab bars and faces extreme difficulties using a tub.

12. Although Plaintiff, GENE MATTERA, currently lives in Southwest Florida, he has visited this Commercial Property over a dozen times over the past several years as it is one of his wife's preferred place of lodging. Plaintiff, GENE MATTERA's most recent visit was from August 8, 2025 to August 9, 2025 to participate in a semi-annual tournament for the East Bay Poker Society. Plaintiff, GENE MATTERA, is an avid poker player, a member of the East Bay Poker Society and a previous tournament Champion. In addition to visiting Berkeley for poker tournaments, Plaintiff, GENE MATTERA, frequently travels to the Bay Area for training, servicing clients and visiting several friends who live in the area. Plaintiff, GENE MATTERA, has plans to return to the Bay Area before April, 2026 in order to renew his certification. Unfortunately, due to his declining health, Plaintiff, GENE MATTERA, is restricted from using the rooms at the Commercial Property unless all violations have been corrected.

13. Defendant has discriminated against Plaintiffs by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property as prohibited by 42 U.S.C. § 12182, *et seq*.

14. Defendant has discriminated, and continue to discriminate, against Plaintiffs in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992. A list of the violations that Plaintiffs encountered during their visits to Defendant's Commercial Property includes, but is not limited to, the following specific defect violations of the ADA:

A. <u>Parking and Exterior Routes</u>

  i. Parking spaces contain changes of level and slopes greater than 4%, violating § 502.4 of the 2010 ADA Standards for Accessible Design. The improper slopes impede Plaintiffs' ability to maneuver within the parking area.

ii. Routes provided contain changes of level and cross slopes greater than 4%, violating § 303.2 and 403.3 of the 2010 ADA Standards for Accessible Design. The improper slopes impede Plaintiffs' ability to maneuver within the parking area.

iii. Inaccessible entrances lack required directional signage, violating § 216 of the 2010 ADA Standards for Accessible Design. The lack of signage impedes Plaintiffs' ability to maneuver within the parking area.

iv. Guest entrances have improper maneuvering clearances to enter, violating § 404.2.4 of the 2010 ADA Standards for Accessible Design. The improper clearances impede Plaintiffs' ability to maneuver within the parking area.

B. Access to Goods and Services

i. Laundry room door lacks required maneuvering clearance, violating § 404.2.4 of the 2010 ADA Standards for Accessible Design. The improper clearance impedes Plaintiffs' access to the Laundry Room.

C. Restrooms

i. Stall door lacks required hardware, violating § 604.8.1.2 of the 2010 ADA Standards for Accessible Design and impedes Plaintiffs from accessing restroom.

ii. Mirror height set greater than 40 inches above the floor, violating § 603.3 of the 2010 ADA Standards for Accessible Design and restricting Plaintiffs' use of the restroom.

iii. Rear grab bar is improperly located, violating § 604.5 of the 2010 ADA Standards for Accessible Design.

iv. Water closet flush controls are not mounted to the open side, violating § 604.6 of the 2010 ADA Standards for Accessible Design. The improper design impedes

Plaintiffs' access to the restroom.

v. Conference restroom mirrors are set greater than 50 inches from the floor, violating § 603.3 of the 2010 ADA Standards for Accessible Design. The improper height restricts Plaintiffs' access to the restroom mirrors.

vi. Conference restroom coat hook set greater than 64 inches from the floor, violating § 603.4 and 308 of the 2010 ADA Standards for Accessible Design. The improper height restricts Plaintiffs' access to the coat hooks.

vii. Locker room restroom grab bars set greater than 37 inches from the floor, violating § 604.5 and 609 of the 2010 ADA Standards for Accessible Design and restricting Plaintiffs' access to the restroom.

viii. Locker room restroom controls set greater than 54 inches from the floor, violating § 308 of the 2010 ADA Standards for Accessible Design and restricting Plaintiffs' access to the restroom.

ix. Locker room restroom mirror set greater than 40 inches from the floor, violating § 603.3 of the 2010 ADA Standards for Accessible Design and restricting Plaintiffs' access to the restroom.

x. Locker room restroom shower is not accessible, violating § 608 and 609 of the 2010 ADA Standards for Accessible Design.

D. Hotel Guestroom

i. Guestroom door latch side clearance is less than 15 inches, violating § 404.2.4 of the 2010 ADA Standards for Accessible Design. The improper clearance space impedes Plaintiffs' ability to maneuver within the guestroom.

ii. Ramp is greater than 6% within maneuvering clearance to enter restroom violating § 404.2.4 of the 2010 ADA Standards for Accessible Design. The

improper design impedes Plaintiffs' ability to maneuver within the guestroom.

 iii. Patio door lacks required maneuvering clearance, violating § 404.2.4.2 of the 2010 ADA Standards for Accessible Design and impedes Plaintiffs' ability to maneuver.

 iv. Flush controls not mounted to open side, violating § 604.6 of the 2010 ADA Standards for Accessible Design. The improper controls restrict Plaintiffs' access to the restroom.

 v. Sink rim set greater than 34 inches from the floor, violating § 606.3 of the 2010 ADA Standards for Accessible Design. The improper height restricts Plaintiffs' access to the restroom.

 vi. Path of travel clear width is less than 32 inches, violating § 403.5 of the 2010 ADA Standards for Accessible Design and restricting Plaintiffs' ability to maneuver within the guestroom.

 vii. Thermostat control is mounted beyond reach, violating § 308 of the 2010 ADA Standards for Accessible Design and restricting Plaintiffs' access to thermostat.

 viii. Roll-in Shower violates § 608.2 and 608.3 of the 2010 ADA Standards for Accessible Design and restricts Plaintiffs' access to shower.

 ix. Controls beyond reach, violating § 608.5 and 308 of the 2010 ADA Standards for Accessible Design. The improper design impedes Plaintiffs' access to the controls.

15. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and/or 28 CFR 36.505.

**COUNT I – ADA VIOLATIONS**

16. Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 15 above as though fully set forth herein.

17. The discriminatory violations described in this Complaint are not an exclusive list of Defendant's ADA violations. Plaintiffs request an inspection of Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiffs further request to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiffs from further ingress, use, and equal enjoyment of the Commercial Property and the business(es) therein; Plaintiffs request to be physically present at such inspection in conjunction with Rule 34 and timely notice.

18. The Plaintiffs, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by Defendant's Commercial Property and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The Plaintiffs, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

19. Defendant has discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation

of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

20. Plaintiffs are without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiffs. Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys' fees, costs, and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

21. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

22. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992. All other conditions precedent have been met by Plaintiffs or waived by Defendant.

23. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs' Injunctive Relief, including an order to alter the property where Defendant operates

their business(es) located within the Commercial Property, the interiors, exterior areas, and the common exterior areas of the Commercial Property to make those facilities readily accessible and useable to the Plaintiffs and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures their violations of the ADA.

**WHEREFORE**, the Plaintiffs respectfully request the Court:

a. Issue a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181.

b. Issue injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

c. Grant an award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Grant such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

**COUNT II – VIOLATIONS OF 28 C.F.R. SECTION 36.302(e)(1)**

24. Plaintiffs incorporate and reallege paragraphs 1 through 15 as though set forth fully herein.

25.     This is an action for violations of 28 C.F.R. Section 36.302(e)(1).

26.     More specifically, 28 C.F.R. Section 36.302(e)(1) imposes the following requirement: Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -

(i)     Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii)    Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii)   Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv)    Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v)     Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

These regulations became effective March 15, 2012.

27.     Defendant owns, operates, controls and/or maintains a website for the Commercial Property, and/or manages listings and provide information to third party site,

which contain an online reservations systems for the Commercial Property. This website is located at: https://www.hilton.com/en/hotels/jbkcadt-doubletree-berkeley-marina/?SEO_id=GMB-AMER-DT-JBKCADT&y_source=1_MTM3MjY4Ny03MTUtbG9jYXRpb24ud2Vic2l0ZQ%3D%3D.

28. The purpose of this website is so that members of the public may reserve guest accommodations and review information pertaining to the goods, services, features, facilities, benefits, advantages, and accommodations of the Commercial Property. As such, this website is subject to the requirements of 28 C.F.R. Section 36.302(e).

29. Prior to the commencement of this lawsuit, Plaintiff, GENE MATTERA, visited the Defendant's website for the purpose of reviewing and assessing the accessible features at the Commercial Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e) and their accessibility needs. In each instance, at various points in the reservation process each website indicated that handicap or mobility accessible rooms were available.

30. In each instance the website provided insufficient information or misinformation regarding accessible features in the rooms or the hotel. Indeed, Plaintiff, GENE MATTERA's room did not contain sufficient accommodations and, consequently, Plaintiff was not able to use the room.

31. In the near future, including as set forth above, Plaintiff, GENE MATTERA, intends to revisit the Defendant's website and/or online reservations system in order to test them for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the website to reserve a guest room and otherwise avail himself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Commercial Property.

32. Plaintiffs are continuously aware that the subject website remains non-

compliant and that it would be a futile gesture to revisit the website as long as those violations exist unless they are willing to suffer additional discrimination.

33. The violations present at the Defendant's website infringe Plaintiffs' right to travel free of discrimination and deprive them of the information required to make meaningful choices for travel. Plaintiffs have suffered, and continue to suffer, frustration and humiliation as the result of the discriminatory conditions present at the Defendant's website. By continuing to operate the website with discriminatory conditions, Defendant contributes to Plaintiffs' sense of isolation and segregation and deprive Plaintiffs the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at the Defendant's website and knowing that it would be a futile gesture to return to the website unless they are willing to endure additional discrimination, Plaintiffs are deprived of the same advantages, privileges, goods, services and benefits readily available to the general public. Defendant's online reservations system serves as a gateway to its hotel. Because this online reservations system discriminates against Plaintiffs, it is thereby more difficult to book a room at the hotel or make an informed decision as to whether the facilities at the hotel are accessible.

34. Plaintiffs have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to modify their website to comply with the requirements of the ADA and to continually monitor and ensure that the subject website remains in compliance.

35. Plaintiffs have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this website. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant.

36. Defendant has discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e). Furthermore, the Defendant continues to discriminate against the Plaintiffs, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

37. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter the subject website to make them readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA and 28 C.F.R. Section 36.302(e); or by closing the website until such time as the Defendant cures its' violations of the ADA.

38. Plaintiffs pray for judgment as set forth below.

**WHEREFORE**, the Plaintiffs respectfully request the Court:

a. Issue a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e);

b. Issue injunctive relief against the Defendant including an order to revise its website to comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the website to ensure that it remains in compliance with said requirement;

c. Grant an award of attorneys' fees, costs, and litigation expenses pursuant to 42

U.S.C. § 12205; and

    d.    Grant such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

### COUNT III – UNRUH ACT
(Cal. Civ. Code § 51-53.)

39.    Plaintiff incorporates all allegations contained elsewhere in this verified complaint.

40.    The Unruh Act guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b). Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, §51(f).

41.    The Defendant violated the Unruh Act by denying Plaintiff's rights to full and equal access of the Hotel.

42.    Defendant's violation of the Unruh Act makes Defendant responsible for statutory civil penalty. (Civ. Code §55.56(a)-(c).)

WHEREFORE, Plaintiff requests judgment against Defendant as follows**:**

    a. Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh Act; and

    b. Order closure of the Defendant's Hotel until Defendant has fully complied with Unruh Act; and

    c. For damages in an amount no less than $4,000.00 per violation per encounter; and

d. Treble damages pursuant to Cal. Civ. Code §3345(b); and

e. For costs and expenses and lawyer's fees should Plaintiff hire a lawyer; and

f. The provision of whatever other relief Plaintiff is entitled and that the Court deems just, equitable and appropriate.

Dated: November   2025

BY:
Respectfully submitted,

**Gillick Legal, APC**

*/s/ Jacob L. Gillick*
Jacob A. Gillick, Esq.
Gillick Legal, APC
*Attorneys for Plaintiffs GENE MATTERA, and ACCESS 4 ALL, INC.*

*s/ John A. Salcedo*
John A. Salcedo, Esq.
The Mineo Salcedo Law Firm
*(Pro Hac Vice Forthcoming)*
*Attorneys for Plaintiffs GENE MATTERA, and ACCESS 4 ALL, INC.*